IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY GRINNELL,

      Petitioner,

                                Civil Action 2:15-cv-973
   vs.                         Judge Marbley
                                Magistrate Judge King

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

      Respondent.

<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, invokes the provisions of Rule 60(b)(4) of the Federal Rules of Civil Procedure and asks that this Court vacate an earlier decision denying habeas corpus relief under 28 U.S.C. § 2254. Because this Court concludes that the action is in reality a successive petition for a writ of habeas corpus, it is recommended that the action be transferred to the United States Court of Appeals for the Sixth Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A).

Before a successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If a district court in the Sixth Circuit determines that a petition is a successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit.  *In re Sims*, 111 F.3d 45, 47 (6th Cir.

1997):

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission
> from the district court, or when a second or successive
> petition for habeas corpus relief or § 2255 motion is filed
> in the district court without § 2244(b)(3) authorization
> from this court, the district court shall transfer the
> document to this court pursuant to 28 U.S.C. § 1631.

The Sixth Circuit, in turn, will issue this certification only if the

petitioner succeeds in making a *prima facie* showing either that the

claim sought to be asserted relies on a new rule of constitutional law

made retroactive by the United States Supreme Court to cases on

collateral review or that the factual predicate for the claim could

not have been discovered previously through the exercise of diligence,

and these facts, if proven, would establish by clear and convincing

evidence that, but for the constitutional error, no reasonable fact

finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

Petitioner was convicted in 1995 in the Franklin County Court of

Common Pleas on two counts of aggravated murder. In 1997, petitioner,

proceeding as Abdush-Shahid Farooq, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254, challenging these same

convictions. *Farooq v. Russell*, 2:97-cv-838. On February 8, 1999, this

Court denied each of the eleven claims asserted in the petition on the

merits, *id., Opinion and Order* (S.D. Ohio Feb. 8, 1999), and the

judgment of this Court was affirmed by the United States Court of

Appeals for the Sixth Circuit, *Farooq v. Russell*, 215 F.3d 1326

(Table), 2000 WL 658963 (6th Cir. May 12, 2000). The United States

Supreme Court denied petitioner's petition for a writ of *certiorari*.

*Farooq v. Russell*, 531 U.S. 898 (2000).

2

On August 5, 2013, petitioner filed another petition for a writ of habeas corpus in this Court, challenging the state court judgment as void and not final. *Timothy Grinnell v. Warden, Ross Correctional Institution,* 2:13-cv-776. On September 18, 2013, this Court characterized that action as a second or successive petition and transferred the action to the Sixth Circuit. *Id., Opinion and Order* (S.D. Ohio Sept. 18, 2013). On February 26, 2014, the United States Court of Appeals for the Sixth Circuit denied petitioner's motion for permission to file a second or successive petition. *In re Timothy D. Grinnell,* Case No. 13-4092 (6th Cir Feb. 26, 2014). The United States Supreme Court denied the petition for *certiorari* on October 6, 2014. *In re Grinnell*, Case No. 14-5237, 190 L.Ed.2d 238 (Oct. 6, 2014).

In this, his third challenge to his state court conviction, petitioner argues that, because the state court judgment of conviction is void, "[t]he state Appellate courts and every federal court hereafter that considered petitioner's appeal on its merit acted outside its legal power, lacked subject-matter jurisdiction, and acted in a manner inconsistent with due process of law within the meaning of [Rule] 60(b)(4) of the Federal Rules of Civil Procedure." *Petition*, ECF 1, PAGEID #: 4. Citing Rule 60(b)(4) of the Federal Rules of Civil Procedure, petitioner insists that this is not a successive petition but is instead a request for relief from this Court's prior judgments because those prior judgments were void. *Petition*. The *Petition* goes on to attack the underlying state court conviction as void. *See id*.

A true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect

3

in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Where "[a] Rule 60(b) motion . . . attempts 'to add a new ground for relief [it] is effectively" a new habeas corpus action. *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532). A successive petition for a writ of habeas corpus that is simply labeled a Rule 60(b) motion must be transferred to the Court of Appeals. 28 U.S.C. § 2244(h); 28 U.S.C. § 1631; *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

This is a successive petition notwithstanding petitioner's invocation of Rule 60(b). This Court rejects petitioner's contention that this Court lacked jurisdiction to consider the merits of the claims presented in his first habeas corpus action. Federal courts are vested with jurisdiction to determine whether a state court has unconstitutionally imprisoned a person. 28 U.S.C. § 2241. State laws governing state court proceedings do not define a federal court's habeas corpus jurisdiction. This Court considered the merits of petitioner's challenges to his conviction in his first habeas corpus action. Petitioner's current challenge to his state court conviction therefore constitutes a successive petition. This Court lacks authority to entertain that challenge unless authorized to do so by the Court of Appeals.

It is therefore **RECOMMENDED** that the petition be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

4

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

$$s/Norah\ McCann\ King$$
Norah M$^c$Cann King
United States Magistrate Judge

March 31, 2015