IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY GRINNELL,**

    Petitioner,

  vs.

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

    Respondent.

Civil Action 2:15-cv-973
Judge Marbley
Magistrate Judge King

### ORDER

Petitioner, a state prisoner, filed this action seeking relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure from this Court's earlier judgment dismissing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Motion to Vacate the Previously Entered Order Denying Petitioner's Habeas Corpus Pursuant to Federal Rules of Civil Procedure 60(b)(4),* ECF 1 ("*Motion to Vacate*"). On March 31, 2015, the United States Magistrate Judge recommended that the matter be transferred to the United States Court of Appeals for the Sixth Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A). *Report and Recommendation*, ECF 5.  This matter is now before the Court on petitioner's motion to amend the *Motion to Vacate*, ECF 6, and objection to the *Report and Recommendation*, ECF 7.

This is petitioner's third attempt to challenge his state court conviction in this Court. *Farooq v. Russell*, 2:97-cv-838; *Timothy Grinnell v. Warden, Ross Correctional Institution,* 2:13-cv-776.  In the *Motion to Vacate*, petitioner argues that, because the state court

1

judgment of conviction is void, "[t]he state Appellate courts and every federal court hereafter that considered petitioner's appeal on its merit acted outside its legal power, lacked subject-matter jurisdiction, and acted in a manner inconsistent with due process of law within the meaning of [Rule] 60(b)(4) of the Federal Rules of Civil Procedure." *Motion to Vacate*, PAGEID #: 4 [sic]. In characterizing the *Motion to Vacate* as a successive petition, the Magistrate Judge reasoned:

> This is a successive petition notwithstanding petitioner's invocation of Rule 60(b).  This Court rejects petitioner's contention that this Court lacked jurisdiction to consider the merits of the claims presented in his first habeas corpus action. Federal courts are vested with jurisdiction to determine whether a state court has unconstitutionally imprisoned a person.  28 U.S.C. § 2241. State laws governing state court proceedings do not define a federal court's habeas corpus jurisdiction. This Court considered the merits of petitioner's challenges to his conviction in his first habeas corpus action. Petitioner's current challenge to his state court conviction therefore constitutes a successive petition. This Court lacks authority to entertain that challenge unless authorized to do so by the Court of Appeals.

*Report and Recommendation*, PAGEID #: 98.

In response to the *Report and Recommendation*, petitioner seeks to amend his *Motion to Vacate* in order to "delete all reference attacking the substance of the [prior] federal court resolution of a claim on the merit. . . [;] after the said deletions the motion to vacate will be ripe for a resolution on its merit." *Motion to Amend*, PAGEID #: 101 [sic]. In his objection to the *Report and Recommendation*, petitioner argues that, with the proposed deletions, his "motion will be corrected and ripe for a resolution on it merit." *Objection*, PAGEID #; 104 [sic].

This Court concludes that the proposed amendment to the *Motion to Vacate* would be futile and that petitioner's objection to the *Report and Recommendation* is without merit.

This Court has previously considered – and rejected – the merits of petitioner's challenge to his state court conviction. The *Motion to Vacate*, with or without the deletions proposed by petitioner in the *Motion to Amend*, attempts to assert yet an additional ground for challenging his conviction.  Regardless of petitioner's invocation of Rule 60 of the Federal Rules of Civil Procedure, this action is effectively a new habeas corpus action.  *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007). This Court lacks authority to consider this successive challenge unless authorized to do so by the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the *Motion to Amend*, ECF 6, is **DENIED** as futile. Petitioner's *Objection,* ECF 7, is **DENIED**. The *Report and Recommendation,* ECF 5, is **ADOPTED AND AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

    s/Algenon L. Marbley
    Algenon L. Marbley
    United States District Judge